# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2012

No. 11-30631
Summary Calendar

Lyle W. Cayce
Clerk

KIEASE BECNEL,

Plaintiff-Appellant,

versus

DEPARTMENT OF SOCIAL SERVICES,
OFFICE OF COMMUNITY SERVICES;
PEGGY DOTTERY; DEBRA TANNER; BRENT VILLEMARETTE,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-988

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30631

Kiease Becnel was employed by the Office of Community Services ("OCS") in the Department of Social Services for the State of Louisiana from September 2006 to August 2008. In February 2008, her supervisor, James Smith, was terminated. Shortly thereafter, she and several coworkers wrote a letter defending Smith to the Director of Field Services for OCS. In late February, OCS received an anonymous bomb threat, which it reported to the police, who questioned Becnel and other employees after learning they were upset about Smith's termination. The detectives were unable to identify any suspects and closed the investigation.

Becnel sued OCS and her supervisors, alleging that they "singled her out and humiliated her" by implicating her to the police during the investigation. Becnel claimed that her supervisors' actions were retaliation for writing the letter, in violation of Title VII of the Civil Rights Act of 1964.[1] The magistrate judge issued a report, which the district court adopted, recommending dismissal of all claims on summary judgment. On appeal, Becnel challenges only the dismissal of her retaliation claim, which she now styles as arising under the First Amendment rather than Title VII.

In her complaint, Becnel never mentions the First Amendment. The closest she comes to pleading a claim under the First Amendment is her vague allusion to the "United States Constitution" and her "civil rights." She does, however, refer specifically to several other parts of the Constitution and to several statutes, including the Civil Rights Act.[2] In her response to the answer to her

---

[1] Becnel filed other claims that she does not pursue on appeal.

[2] The relevant parts of the complaint state that Becnel "seeks relief for the defendant's violation of [her] rights secured by the Civil Rights acts [*sic*] of 1964 . . . [and] the rights secured by the Fourth and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution . . . ." She adds that the "defendants have deprived the plaintiffs of their rights, remedies, privilege and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983 . . . and of the rights guaran-
(continued...)

2

No. 11-30631

amended complaint and in her opposition to summary judgment, she specifically alleges retaliation under Title VII of the of the Civil Rights Act but continues to fail to mention the First Amendment. Having failed to raise a First Amendment claim in the district court, Becnel may not do so on appeal.[3]

The summary judgment is AFFIRMED.

---

[2] (...continued)
teed by the Fourth and Fourteenth Amendments of the United States Constitution . . . ."

[3] *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 (5th Cir. 1992) (stating that courts of appeals "will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion").